

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY STARK<br>2641 Mt. Joy Road<br>Manheim, PA 17545 | : <br> : <br> : <br> : | Civil Action No.: <br><br>**09 -1845** |
| Plaintiff, | : | |
| V. | : | Jury Trial Demanded |
| COMMUNITY SERVICES, INC. ET AL.<br>d/b/a COMMUNITY SERVICES GROUP<br>Primrose Lane & Highland Drive<br>P.O. Box 597<br>Mountainville, PA 17554<br>    and<br>COMMUNITY SERVICES, INC.<br>320 Highland Drive<br>Mountainville, PA 17554<br>    and<br>JOHN DOE 1, INC.<br>    and<br>JOHN DOE 2, INC. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

## COMPLAINT

### NATURE OF THE ACTION

This action has been initiated by Plaintiff Gary Stark who alleges that his rights to be free from age and disability discrimination under the other applicable federal laws and state law, have been violated by Defendants.

Plaintiff seeks to redress violations by Defendant, under the American with Disabilities Act of 1990, 42 U.S.C. Sec. 12010, et. sec, hereinafter referred to as the "ADA," the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq., hereinafter referred to as the "ADEA", and the regulations promulgated thereunder and EEO directives, other applicable

Federal law and Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, hereinafter referred to as the "PHRA." Plaintiff asserts that during his employment with Defendant, he was subjected to discrimination on the basis of his known and accepted disability and his age. In retaliation, Plaintiff was terminated from his position with Defendant.

At all times material hereto, Plaintiff was an employee or a former employee of Defendants, and had been so for approximately two (2) years. Plaintiff has complied with all statutory requirements of the ADA, the ADEA and PHRA. This matter is ripe for private civil action. Plaintiff duly and timely filed his charge of discrimination with the Lancaster County Human Relations Commission and cross-filed with the both the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission. More than one year has passed since the filing of his claim with the PHRC.

More than sixty (60) days have passed since Plaintiff's filing of his charge with the EEOC. Plaintiff was given a right to sue letter on March 3, 2009. A true and correct copy of the letter is attached and hereby incorporated herein as Exhibit A.

The discriminatory actions taken against Mr. Stark resulted in monetary damage as well as damage to his reputation, severe emotional distress, humiliation, and other emotional damages. Defendants' conduct is so egregious, outrageous and intentional, that Plaintiff further seeks punitive damages.

## JURISDICTION AND VENUE

1. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

2. Jurisdiction is conferred upon the Honorable Court by 28 U.S.C. Sec. 1337 relating to "any civil action or proceeding arising out of any action of Congress regulating

commerce," 28 U.S.C. Sec. 1343(4) and 28 U.S.C. Sec. 1331.

3. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. Sec. 1367(a), to hear and decide claims arising under the laws of the Commonwealth of Pennsylvania.

4. This court has personal jurisdiction over Defendant.

5. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania, as all parties regularly conduct business within this district.

## PARTIES

6. Plaintiff hereby incorporated the preceding paragraphs of this Complaint as though each were set forth at length herein.

7. Plaintiff Gary Stark is an adult individual who currently resides at 2641 Mt. Joy Road, Manheim, Pennsylvania.

8. At all times relevant to this Complaint, Plaintiff Gary Stark was an employee of Defendants, within the meaning of the relevant statutes and protected against discrimination in employment on the basis of age and/or disability.

9. Defendant Community Services Group, Inc. Et al d/b/a Community Services Group is located at Primrose Lane & Highland Drive, P.O. Box 597, Mountville, Pennsylvania. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's age and/or disability.

10. Defendant Community Services Group, Inc. is located at 320 Highland Drive, Mountville, Pennsylvania. Defendant is an employer within the meaning of the various statutes

cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's age and/or disability.

11. Defendant John Doe 1, Inc. is an owner of Community Services Group. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's age and/or disability.

12. Defendant John Doe 1, Inc. is an owner of Community Services Group. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's age and/or disability.

13. At all times material hereto, Defendants were acting by and through their agents, servants, workmen and employees.

## FACTUAL BACKGROUND

14. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though each were set forth at length herein.

15. Plaintiff began employment with Defendants on or around November 4, 2005, as an Advisor at a group home serving adult men with mental retardation. Plaintiff was assigned to care for resident F.C.. F.C.'s father is very involved in his son's care.

16. At the time of his termination, Plaintiff was approximately 62 years old. The average age of Defendants' other employees in that residence is in the mid to late twenties.

17. During his employment with Defendants, Plaintiff was supervised by Matthew Merring, Michael Moyer and Doris Glass-Risser.

18. In or around April 2007, Plaintiff informed Defendants, through his supervisor Mr. Merring, that he suffered from Chronic Obstructive Pulmonary Disease ("COPD"). COPD is a disability under both the ADA and ADAA.

19. On or about April 4, 2007, Mr. Merring informed Plaintiff that he was no longer guaranteed the Saturday and Sunday overtime hours he had been working prior to the disclosure of his disability. Mr. Merring offered no explanation as to why Plaintiff's overtime hours had been eliminated.

20. After Plaintiff was notified his overtime hours were eliminated, Defendants began interviewing other persons to work the weekend hours Plaintiff had been working as overtime. F.C.'s father became aware of this change in his son's care and voiced his dissatisfaction to Mr. Moyer. F.C. has severe difficulty adjusting to changes in his routines, and therefore Plaintiff's working holidays greatly improved F.C.'s quality of life.

21. Mr. Moyer made discriminatory comments regarding Plaintiff's age while speaking with F.C.'s father. Mr. Moyer also indirectly made reference to Plaintiff's disability during this conversation with the father.

22. On or about August 6, 2007, Plaintiff was terminated from his employment for allegedly sleeping on the job. Defendants classify this as a negligent offense. Other employees under Defendants employ at the same time as Plaintiff were not terminated for committing negligent offenses. Plaintiff had no disciplinary issues and had received no warnings for any performance issues, prior to this allegation.

23. All other employees working for Defendants in this particular group home were

younger than Plaintiff.

24. Plaintiff was replaced with a younger employee (who was under the age of forty (40) at the time), with no reported disability.

25. Plaintiff is a "qualified individual with a disability" as that term is used in the ADA because he is an individual with a disability (COPD) which affects multiples of his major life functions, who could perform the essential functions of an employment position with Defendants.

26. As a direct result of Defendants' negligent and discriminatory actions, Plaintiff has been caused to suffer great income loss including, past lost earning, future lost earnings, and lost earning capacity.

## LEGAL ALLEGATIONS
## COUNT I

### Violations of The Americans with Disabilities Act

27. Plaintiff hereby incorporates the preceding paragraphs of this complaint as though each were set forth at length herein.

28. The actions of Defendants as set forth supra constitute discrimination and/or harassment against Plaintiff, a qualified individual with a disability, because of his disability with regard to the terms, conditions and privileges of Plaintiff's employment. Defendants' violations are of a continuing nature. Defendants' actions by and through its employees and agents, as above-described, were harassing and created a hostile work environment for Plaintiff.

29. Defendants' conduct included, but not limited to, treating individuals without a disability more favorably than Plaintiff and terminating Plaintiff because of his known and accepted and approved disability and physical limitations of Plaintiff, who is an otherwise

qualified individual with a disability and an employee.

30. Defendants intentionally discriminated against Plaintiff by committing a course of conduct including but not limited to the above-described.

31. Defendants knew or should have known that its employment practices had a disparate impact upon Plaintiff and failed to stop, continued, and/or encouraged its practice thus aiding and abetting the discriminatory practices by its agents, servants, contractors, workmen, supervisors, managers and employees in violation of law.

32. As a direct and/proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered financial injury including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits.

33. As a direct and/or proximate result of the above-described discriminatory actions of Defendant, Plaintiff suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, and embarrassment.

34. As a direct and/or proximate result of Defendants discriminatory conduct, Plaintiff suffered professional injuries, including but not limited to his professional development.

## COUNT II

### Unlawful Age Discrimination in Violation of
### The Age Discrimination in Employment Act

35. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

36. The Age Discrimination in Employment Act and the regulations promulgated thereunder, make it an unlawful employment practice for an employer to refuse to hire, terminate or otherwise discriminate against any individual within the protected class with respect to the

terms and conditions or privileges of employment on the basis of age. 29 U.S.C. §§ 621 *et seq.*

37. The ADEA further forbids discrimination by any employer in accepting applications and interviewing a person such as the Plaintiff because of age. 29 U.S.C. §§ 621 *et seq.*

38. Defendants unlawfully and in violation of the ADEA and its promulgated regulations used Plaintiff's age as a motivating factor in terminating Plaintiff from his position.

39. Defendants unlawfully and impermissibly used Plaintiff's age as a basis for making an adverse decision and/or taking adverse action against Plaintiff in suddenly terminating Plaintiff.

40. On August 6, 2006, Defendants suddenly and without warning terminated the Plaintiff, and replaced him with a much younger new employee, who was under the age of forty (40) at the time.

41. There is and was no business necessity for the termination of the Plaintiff due to his age at the time, 62 years, from employment with the Defendants. Defendants unlawfully used Plaintiff's age as a motivating factor in deciding to terminate him.

42. The average age of Defendants' other employees in that residence is in the mid to late twenties. All other employees working for Defendants in this particular group home were younger than Plaintiff, and Plaintiff's position was filled by a younger new employee.

43. Defendants' unlawful and discriminatory actions were malicious, willful and committed with intentional disregard for Plaintiff's rights.

44. As a direct and proximate result of the above described discriminatory actions of Defendants, Plaintiff suffered financial injury including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits, lost pay increases, front pay,

back pay and lost pay incentives.

45. As a direct and/or proximate result of the above described discriminatory actions of Defendants, Plaintiff suffered compensatory damages including but not limited to emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation and embarrassment.

46. As a direct and/or proximate result of Defendants' discriminatory conduct, Plaintiff suffered professional injuries, including injury but not limited to injury to his professional development and loss of potential promotions.

47. Plaintiff is entitled to liquidated damages as a result of Defendants' unlawful and discriminatory willful, malicious and intentional conduct.

## COUNT III

### Violations Under the Pennsylvania Human Relations Act

48. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as though each were set forth at length herein.

49. Defendant is a corporation that employ four or more persons within the Commonwealth and falls within the reach of the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955(a).

50. Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955, et. seq., and the regulations promulgated thereunder, make it an unlawful employment practice for an employer to refuse to hire, terminate or withdraw an offer of employment or otherwise discriminate against any individual within the protected class with respect to the terms and conditions or privileges of employment on the basis of age and disability.

51. Defendants unlawfully and impermissibly used Plaintiff's age and/or known and

accepted disability as motivating factors in taking the above described action against the Plaintiff.

52.  Defendant later retaliated against Plaintiff by terminating him from his employment.

53.  There is and was no business necessity to the exclusion of Plaintiff due to his age, 62, or his disability from employment with Defendant.

54.  Defendants' unlawful and discriminatory actions were malicious, willful and committed with intentional disregard for Plaintiff's rights.

55.  As a direct and proximate result of the above described discriminatory actions of Defendant, Plaintiff suffered financial injury including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits, lost pay increases, front pay, back pay and lost pay incentives.

56.  As a direct and/or proximate result of the above described discriminatory actions of Defendant, Plaintiff suffered compensatory damages including but not limited to emotional and metal injuries, including but not limited to past and present pain and suffering, humiliation, and embarrassment.

57.  As a direct and/or proximate result of the above described discriminatory conduct, Plaintiff suffered physical and emotional injury.

58.  As a direct and/or proximate result of Defendants' discriminatory conduct, Plaintiff suffered professional injures, including but not limited to injury to his professional development and loss of potential promotions.

59.  Plaintiff is entitled to liquidated damages as a result of Defendants' unlawful and discriminatory, willful, malicious and intentional conduct.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, GARY STARK, respectfully requests that this court award him the following relief:

a. Exercise jurisdiction over this matter;

b. Issue declaratory and injunctive relief finding that the above described Practices are unlawful and enjoining their past and continued effects;

c. Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate him for Defendant's discrimination, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives and lost benefits, injury to reputation, injury to professional development, emotional well-being, humiliation, medical bills and expenses and physical and mental pain and suffering;

d. Award Plaintiff liquidated damages in the amount of double all damages awarded;

e. Award Plaintiff punitive damages;

f. Award Plaintiff his reasonable attorney fees and costs; and

g. Grant such other relief as this Court deems just, proper and equitable;

h. Plaintiff's claims receive a trial by jury to the extent allowed by applicable law. Plaintiff, in accordance with Federal Rules of Civil Procedure 38(b) demands a trial by jury on all issues triable by jury, and has also endorsed this demand on the caption of this Complaint in accordance with the Federal Rules of Civil Procedure.

all of which is in excess of ONE HUNDRED FIFTY ($150,000.00) DOLLARS.

                                        Respectfully submitted,

                                        s/  EAP2098

Date: April 30, 2009                Edith A. Pearce, Esquire
                                        Attorney for Plaintiff
                                        The Pearce Law Firm
                                        1601 Sansom Street, Suite 2C
                                        Philadelphia, PA 19103
                                        (215) 557-8686

# EXHIBIT A

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Gary Stark
2641 Mount Joy Road
Manheim, PA 17545

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2008-62458 | Legal Unit | 215-440-2828 |

(See also the additional information attached to this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

✓ IN BOTH CALENDARS

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Marie M. Tomasso_  March 3, 2009
Marie M. Tomasso, District Director    (Date Mailed)

Enclosure(s)

cc: Community Services Group, Inc.
    Edith A Pearce, Esquire (for Charging Party)